Yazoo & Mississippi Valley R. R. Co. *v.* R. L. McCall.

[57 South. 224.]

1. CARRIERS. *Baggage. Liability for loss.*

It is the duty of a railroad where baggage is checked by a passenger over its road to care for it until it arrives at its destination and afterwards until it has been delivered to the passenger.

2. CARRIERS. *Baggage. Liability for loss.*

Where a plaintiff checked his trunk over the Gulf & Ship Island Railroad to Jackson and arrived at that point at night and the next morning purchased a ticket over the Yazoo & Mississippi Valley Railroad and went to the baggage agent to check his trunk to a point on the Yazoo & Mississippi Valley Railroad and then found that by mistake the trunk had been shipped over the Alabama & Vicksburg Railroad to a point on that road, and his trunk was delayed for two months, and when finally received found to have been rifled of its contents, *held*, that the Yazoo & Mississippi Valley Railroad never having had the possession of the baggage was not liable for the loss.

3. SAME.

In such case it is immaterial that the baggage agent at Jackson was the joint agent of all the three roads.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by R. L. McCall against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff the defendant appeals.

The facts are fully stated in the opinion of the court.

*F. M. West* and *E. L. Trenholm,* for appellant.

The contractual relations between the parties did not begin with the issuance of the check, but upon delivery of the baggage after having previously purchased a ticket. Code 1906, section 4068; *Hickox* v. *Railroad,* 31 Conn. 281, 83 Am. Dec. 143; *Railroad* v. *Clayton,* 78 Ill.

616; *Check* v. *Railroad,* 2 Disn. (Ohio) 237; *Wilson* v. *Railroad,* 57 Me. 138, 2 Am. Rep. 26; *Railroad* v. *Foster,* 104 Ind. 293, 54 Am. Rep. 319; *Lovell* v. *Railroad,* 24 W. R. 394, 45 L. J. Q. B. 476; 4 Elliott on Railroads (2nd Ed.), p. 608, sec. 1653. And the burden of proof is upon the plaintiff to show such delivery. *Railroad* v. *Meyers,* 21 Ill. 631.

And that it was not rifled before coming into possession of the railroad company. *McQuestion* v. *Sanford,* 40 Me. 117.

If it be the law that the liability of the carrier does not begin until the delivery to it of the baggage, then we say that under the facts of this case the appellant's liability began on December 23, 1910, when the trunk was delivered to it for the first time (and not October 28th, as claimed by appellee), when the trunk was safely and promptly transported to Learned, and delivered to the appellee in the same condition as when received by appellant. The appellant is therefore not liable for the goods which were removed from the trunk by Hosey in Arkansas two months before the receipt of the baggage by the appellant.

Where a railroad company takes up a baggage check of a former carrier and issues a new check therefor, it is merely *prima facie,* and not conclusive evidence, of the receipt of the baggage in good order, and, while it may go to the jury with other evidence tending to show such receipt, it is subject to be overcome. *Ahlbeck* v. *Railroad,* 39 Minn. 424, 40 N. W. 364; *Railroad* v. *Hawkins,* 39 Ill. App. 406; *Railroad* v. *Montelle,* 10 Kan. 119; *Railroad* v. *Clayton,* 78 Ill. 616.

*W. Calvin Wells, Jr.,* and *M. Ney Williams,* for appellee.

It is the contention of appellant that the Yazoo and Mississippi Valley Railroad Company is not liable in this case because the said joint baggage agent was not

the agent of the Yazoo & Mississippi Valley Railroad Company, at the particular time he checked plaintiff's baggage out over the Q. & C. R. R. for Ashtown, Ark.

If this is the law, then baggage from every railroad that enters the depot at Jackson could be stolen, burned or otherwise destroyed and no railroad would be liable for the loss or destruction of same, unless it could be shown that the joint baggage agent was the agent of the specific railroad that was responsible for the loss, and that the said joint baggage agent was acting as the agent for the railroad at the very hour or minute that the baggage was lost, missent or destroyed.

The general rule as to the common carrier's liability with reference to the goods in his possession as carrier, and regardless of any contractual exceptions, is that he is liable for all loss or destruction of or injury to such goods, not occasioned by the act of God or the public enemy. Therefore where the loss is not due to the excepted cases, proof of negligence is immaterial, and the carrier cannot escape liability by proving reasonable care and diligence. 6 Cyc. 376.

Check for baggage is receipt for goods and makes out a *prima facie* case against a railroad company. *Zeigler* v. *Mobile, etc. R. R. Co.*, 87 Miss. 367.

It is the duty of the railroad company to safely keep the trunk of baggage at the station until the owner thereof or his agent, shall demand the same. Code 1906, section 4068.

If a railroad company carelessly or willfully injure or allow to be injured or lost any trunk or baggage, either by improper handling or otherwise, it shall be liable to the owner in a sum not less than double the amount of actual damage. Code 1906, section 4069.

The burden was upon the railroad company to exculpate itself from the negligence, and the failure to deliver the baggage is negligence *prima facie*. *Newberger* v. *Railroad*, 75 Miss. 303; *Faison* v. *Railroad*, 69 Miss. 569.

A baggage check from a railroad company is a receipt for baggage, the same that a bill of lading is a receipt from the railroad company for goods, wares or merchandise.

Mayes, C. J., delivered the opinion of the court.

The Yazoo & Mississippi Valley Railroad Company is not liable for any damage or loss sustained by McCall to his baggage. There was no delivery of this baggage to the Yazoo & Mississippi Valley Railroad Company under the contract of carriage which it had with McCall to transport him to Learned. The record shows that Mr. McCall left Summerland as a fellow passenger on the Gulf & Ship Island Railroad Company with one Hosey. McCall checked one trunk over the Gulf & Ship Island Railroad to Jackson, and Hosey checked two; each having their separate baggage and separate checks. The baggage seems to have arrived at its destination, and to have been received by the baggageman who acts as the joint agent of a number of roads running into a central or union station in Jackson. Both McCall and Hosey reached Jackson about 2 o'clock on the morning of the 28th of October, 1910. Mr. Hosey was bound for Ashtown, Ark., and Mr. McCall was bound for Learned, Miss. It was necessary for Hosey to take passage on the Alabama & Vicksburg Railway in order to go to Ashtown, and McCall was to take passage on the Yazoo & Mississippi Valley Railroad to Learned. On the night after the train arrived in Jackson over the Gulf & Ship Island Railroad, neither Hosey nor McCall made any demand for their baggage until the next morning. Hosey left for Arkansas over the Alabama & Vicksburg Railway at 5:43 the next morning, and McCall left for Learned over the Yazoo & Mississippi Valley Railroad at 6. Some time before 6 o'clock McCall bought a ticket over the Yazoo & Mississippi Valley Railroad and went with his baggage check and presented it to the Yazoo &

Mississippi Valley Railroad for the purpose of having his trunk checked to Learned. By mistake McCall's trunk had been checked to Arkansas as a part of Hosey's baggage. The baggageman took the check, but almost immediately discovered that through mistake McCall's trunk had been checked as a part of Hosey's baggage, and was then on its way to Arkansas. The baggageman tried to stop the trunk, but failed so to do, and it was not until nearly two months afterwards that the trunk was found and sent to Learned. When received, the contents had been rifled to some extent. McCall made no demand on the Gulf & Ship Island Road for his baggage until he had purchased his ticket over the Yazoo & Mississippi Valley Road, and at the time it was not in the depot, but had been sent away as a part of the baggage of Hosey, and, as a matter of fact, the Yazoo & Mississippi Valley Railroad agents never did have any control over his baggage, nor was it ever taken possession of by, or delivered to, them.

As to all personal baggage of a passenger, the carrier is liable as a common carrier of goods from the time it is delivered to it, and it takes possession; but it cannot be liable until this is done. When McCall purchased his ticket over the Gulf & Ship Island Railroad, and had his baggage checked and delivered into the possession of the Gulf & Ship Island Railroad, it was the duty of that road to care for the baggage until it arrived at its destination, and afterwards until it had been delivered to him. It is immaterial that the baggage agent was the joint agent of all these roads. This might have bearing on the liability of the roads to each other under whatever contract or arrangement they might have between themselves, if they have any, but does not relieve any road of its duty to fulfill its own contract of carriage with its own passengers to care for their baggage. It follows, therefore, that the court should have given a peremptory instruction to find for the defendant.

*Reversed and remanded.*